UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Julian De'Andre Battle, | ) | C/A No. 6:15-cv-04960-BHH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Howard Steinburg, and | ) | |
| Laura Jones, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed pro se by a local detention center detainee. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.      Factual and Procedural Background

Plaintiff alleges that he was improperly detained without bond in Greenville County for over one year between September 2010 and November 2011 on a charge of intimidating a court, jurors, or witnesses, but that he was never indicted on the charge during the entire period because Defendant Jones filed the charge against him without probable cause; and Defendant Steinburg, the Greenville County Solicitor, did not move to dismiss the charge or indict him on it. Compl. 3-4, ECF No. 1. Review of the on-line records of the Greenville County Clerk of Court do not show any filing or disposition of such a charge. However, they do show pending murder and related firearm charges that were filed against Plaintiff in January 2010. *See* https://www2.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx (last consulted Jan. 29,

1

2015). Plaintiff alleges that Defendant Steinburg allowed the un-indicted intimidation charge to be used against him in court proceedings on "related charges," and that he was thereby prejudiced by being illegally held on the intimidation charge and being prevented from adequately defending against the related charges. *Id*. at 3. Plaintiff alleges that detention on the un-indicted intimidation charge resulted in serious personal and economic loss to him and his family, and he asks this court to award him damages of $1000.00/day for each day he was detained on the intimidation charge. *Id*. at 5.

II.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc.*

*Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

Defendant Steinburg is protected under the doctrine of absolute prosecutorial immunity as to Plaintiff's request for damages against him. Plaintiff seeks such damages based on alleged constitutional violations that Plaintiff contends resulted from the manner in which Steinburg prosecuted him at the trial level in Greenville County. In South Carolina, regional prosecutors such as Mr. Steinburg are called Solicitors and Assistant Solicitors. *See* S.C. Const., art. V, § 24; S.C. Code Ann. § 1-7-310. These prosecutors have absolute immunity for their prosecution-related activities in or connected with judicial proceedings. Such protected activities include, but are not limited to, prosecutorial actions and decisions related to the prosecutors' participation in a criminal trial, bond hearings, grand jury proceedings, pre-trial motions hearings, and ancillary civil proceedings such as PCR cases. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Bruce v. Wade*, 537 F.2d 850, 852 (5th Cir. 1976) (prosecutorial immunity extends to attorneys representing a government in a habeas corpus or post-conviction case). Absolute immunity extends to "persons working under [a prosecutor's] direction, when they function as advocates for the state" and when their activities are clearly associated with the judicial process. *Bernard v. Cnty. of Suffolk*, 356 F.3d 495, 502 (2d Cir. 2004). Moreover, a plaintiff's allegations of malicious motives such as use of perjured testimony or withholding of evidence by prosecutors in connection with the performance of their prosecutorial functions are insufficient to overcome prosecutorial immunity. *See Lyles v. Sparks*, 79 F.3d 372, 377 (4th Cir. 1996) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1975)).

Plaintiff's claims against Defendant Steinburg about being detained on a criminal charge filed against him and used in the prosecution of "related charges," but on which no indictment was obtained go directly to clearly prosecutorial decisions about when to prosecute and whether to go forward with a prosecution. Such activities and decisions have been found to be related to purely prosecutorial functions; accordingly, they are absolutely immune from Plaintiff's claims. *See Springmen v. Williams,* 122 F. 3d 211, 212-13 (4th Cir. 1997); *Lyles*. Thus, Plaintiff is not entitled to recover any damages from Defendant Steinburg based on his performance of these functions, and the Complaint should be summarily dismissed insofar as it seeks to hold Defendant Steinburg liable for such damages.

IV.    Recommendation

Accordingly, it is recommended that the district court partially dismiss the Complaint in this case *without prejudice* insofar as it seeks relief from Defendant Steinburg. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The Complaint should be served on Defendant Jones.

IT IS SO RECOMMENDED.

January 29, 2016                                    Kaymani D. West
Florence, South Carolina                           United States Magistrate Judge

**The parties' attention is called to important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).