IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Julian De'Andre Battle, | Civil Action No.: 6:15-cv-04960-BHH |
| Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| Howard Steinburg, and Laura Jones | |
| Defendants. | |

Plaintiff Julian De'Andre Battle ("Plaintiff"), proceeding *pro se*, filed this civil action on December 15, 2015, alleging that he was improperly detained without bond in Greenville County for over one year. (ECF No. 1.) This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 for the District of South Carolina.  On January 29, 2016, the Magistrate Judge issued a Report and Recommendation recommending that the Court partially dismiss the Complaint without prejudice insofar as it seeks relief from Defendant Howard Steinburg ("Steinburg") because he is protected under the doctrine of absolute prosecutorial immunity. (ECF No. 10 at 3–4.) Plaintiff filed a timely objection to the Report (ECF No. 14) on February 12, 2016.

In Plaintiff's one-page filing, he states that he was not aware that Steinburg had absolute immunity from monetary damages. (ECF No. 14.) He asks that an injunction be filed against Steinberg and argues he can prove Steinburg knew that his actions were

1

unconstitutional. (*Id.*) Plaintiff also asks "for [the] help of an attorney" in continuing his case. (*Id.*)

The Magistrate Judge makes only a recommendation to the District Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the District Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

Upon *de novo* review of the pleadings, the Report, and Plaintiff's objection, the Court agrees with the Magistrate Judge that Plaintiff's claims against Steinburg are subject to summary dismissal. Plaintiff seeks damages against Steinburg based on alleged constitutional violations that Plaintiff contends resulted from the manner in which Steinburg prosecuted him at the trial level in Greenville County. (ECF No. 1 at 3–4.) However, as a prosecutor, Steinburg has absolute immunity for his prosecution-related activities in or connected with judicial proceedings. *See Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000) ("A prosecutor enjoys absolute immunity for prosecutorial functions 'intimately associated with the judicial phase of the criminal process'" (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976))). Plaintiff's objection indicates that he believes an injunction may be warranted against Steinburg. However, his Complaint does not seek an injunction and Plaintiff's recent motion to amend indicates that he does not wish to proceed in his claims against Steinburg.[1] Finally, to the extent Plaintiff seeks legal representation, the Court notes that there is no constitutional right to legal representation in civil cases. *See Pringle v. SC Ctr. for Equal Justice*, No. No. 2:06-cv-3293, 2007 WL 295591, at *4 (D.S.C. Jan. 29, 2007) ("Plaintiff does not have a constitutional right to legal representation in a civil case."); *cf. Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975) (appointment of counsel in civil actions is discretionary if exceptional circumstances). Plaintiff's objection is therefore overruled.

Accordingly, the Court accepts the Magistrate Judge's recommendation and this action is DISMISSED against Steinburg without prejudice and without issuance and

---

[1] Plaintiff filed a motion to amend on March 31, 2016, stating that he "has learned that by law Howard Steinburg cannot be named as a[] Defendant in this form of legal claim." (ECF No. 22.) He states that he "wishes to extend and emphasize on Defendant Laura Jones for more clarification to the courts." (*Id.*)

3

service of process. However, this action may still proceed against Defendant Laura Jones.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

May 10, 2016
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.